UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-11008-RGS

ERNEST J. FROBESE

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

MEMORANDUM AND ORDER

March 20, 2015

STEARNS, D.J.

For the reasons set forth below, (1) plaintiff's motion to proceed in forma pauperis is allowed, (2) plaintiff's motion for preliminary injunction is denied; and (3) plaintiff shall show good cause why this action should not be dismissed.

FACTS

On March 19, 2015, Plaintiff Ernest J. Frobese ("Frobese"), of Billerica, Massachusetts, filed a complaint, motion for preliminary injunction and motion to proceed in forma pauperis.[1]

Frobese's four-page complaint consists primarily of a recounting of events surrounding the plaintiff's contact with government officials dating back to 1981 and continuing until November 2014 when he received a motor vehicle citation in Athol, Massachusetts. As best can be gleaned from the complaint, rather than pay $25 to file an appeal, plaintiff instead sent a letter seeking to

---

[1] A review of this Court's records reveals that Plaintiff is no stranger to this Court. He has previously filed both habeas petitions and civil rights actions. See Frobese v. U.S. Justice Dep't, et al., 1:05-cv-11549-GAO (filed 07/22/05, closed 10/07/05); Frobese v. U.S.A., et al, 1:00-cv-11785-JLT ( filed 08/28/00, closed 05/14/02); Frobese v. Commonwealth of Mass., et al 1:92-cv-12643-WGY (filed 11/04/92, closed 11/25/92); Frobese v. Commonwealth of Mass. 1:95-cv-11141-RCL (filed 06/01/95, closed 06/09/95); Frobese v. Commonwealth of Mass., et al 1:99-cv-11225-JLT (filed 06/07/99, closed 11/15/00).

resolve the matter. Frobese alleges that this "resulted in the suspension of [his] driver's license and insurance on [his] vehicles which is another unconstitutional blow to [his] liberty and the need for the preliminary injunction until [he] can resolve this issue in front of a jury of [his] peers and seek damages of $100 million for the unconstitutional protocol established by [his] government." See Complaint, p. 3. Plaintiff's motion for preliminary injunction asks the court to order "the registry of motor vehicles in Massachusetts to reinstate [plaintiff's] license and insurance until this matter can be constitutionally resolved." See Docket No. 2.

## DISCUSSION

I.  The Motion to Proceed In Forma Pauperis

Based on the information contained in Frobese' application to proceed in forma pauperis, the Court grants the motion.

II. Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

In conducting a review of a complaint filed by a litigant proceeding in forma pauperis, the court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to his pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158

n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)).  As discussed below, upon such review, Plaintiff's complaint is subject to dismissal for the reasons set forth below.

III.     Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff purports to sue the Commonwealth and United States Justice Department, however, the complaint offers only vague and conclusory allegations concerning the lawfulness of the suspension of his drivers license and fails to allege any facts in support of his claim.

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. See 42 U.S.C. § 1983.[1]  To the extent Frobese brings this action against the Justice Department, it is well settled that the federal government, federal agencies and the people who work for them in their official capacities are immune from suit for monetary damages absent a waiver of sovereign immunity.  See e.g., Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted); Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.2000) (same).

Moreover, liability may not be based on a respondeat superior theory.  Ramírez–Lluveras v. Rivera–Merced, 759 F.3d 10, 19 (1st Cir. 2014).  Each defendant must have personally participated in, encouraged, condoned, or acquiesced in rights-violating conduct. Ayala–Rodríguez

---

[1] Because § 1983 does not authorize suits against federal officials, the court will treat plaintiff's claim against the United States pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which established a direct cause of action against federal officials for violations of the federal constitution.

3

v. Rullán, 511 F.3d 232, 236 (1st Cir.2007); Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 16 (1st Cir. 2011).

To the extent Frobese brings this action against the Commonwealth, the Eleventh Amendment generally bars suits in federal court against unconsenting states. See Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir.2002). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 that seek equitable relief from state employee defendants acting in their official capacity.

To the extent Frobese challenges the $25 fee required to commence a clerk magistrate hearing, such the imposition of such fee is not unconstitutional. See Police Dept. of Salem v. Sullivan, 460 Mass. 637, 953 N.E.2d 188 (2011) (imposition of fee and denial of refund of filing fees paid in proceedings to contest traffic citation did not violate prohibition on ex post facto laws or equal protection). In reviewing a similar challenge, the Supreme Judicial Court of Massachusetts found that a rational basis existed for requiring a filing fee to be paid by motorists contesting civil motor vehicle citations while not requiring filing fee to be paid for those contesting other types of civil violations under statute governing noncriminal disposition of ordinance violations. Id. 460 Mass. at 642, 953 N.E.2d at 192. Because motorists contesting motor vehicle citations were entitled to a greater amount of process than those challenging other types of civil citations, and the number of challenges to vehicle citations was greater than the number of challenges to other types of citations, there was no violation of equal protection. Id.

For these reasons, plaintiff's complaint fails to state a claim and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

IV.     Motion for Preliminary Injunction

To obtain the extraordinary remedy of a preliminary injunction, a plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). Likelihood of success on the merits is the critical factor in the analysis. Weaver v. Henderson, 984 F.2d 11, 12 (1 st Cir.1993) (citations omitted).

As an initial matter, no preliminary injunction shall be issued without notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). More importantly, however, is that plaintiff cannot demonstrate a likelihood of success on the merits of his claim because his complaint is subject to dismissal. See supra, at ¶ III.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby Ordered that:

(1) Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is allowed;

(2) Plaintiff's motion for temporary restraining order (Docket No. 2) is denied;

(3) Within thirty-five (35) days of the date of this Memorandum and Order, Plaintiff shall show cause why this action should not be dismissed, or in the alternative, he shall file an amended complaint.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE